People v Rosario (2019 NY Slip Op 08006)





People v Rosario


2019 NY Slip Op 08006


Decided on November 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019

Richter, J.P., Webber, Gesmer, Oing, JJ.


10281 4980/12

[*1] The People of the State of New York, Respondent,
v Ana A. Rosario, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Steven R. Berko of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Lee M. Pollack of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered July 15, 2013, as amended July 17, 2013, convicting defendant, after a jury trial, of identity theft in the first degree (two counts) and grand larceny in the third and fourth degrees, and sentencing her to concurrent terms of one year, unanimously affirmed.
The court correctly responded to a jury note asking for clarification of the term "financial loss," in the context of the element of financial loss exceeding $2000 contained in first-degree identity theft under Penal Law § 190.80(2), when it charged as follows: "financial loss is not the ultimate harm suffered by the victim, but is rather the value of what was taken. Loss includes the value of all property taken even though all or part of it was returned." As the court explained in its detailed posttrial opinion (41 Misc 3d 392 [Sup Ct, New York County 2013]), in the absence of a Penal Law definition of financial loss, the court adopted a definition of that term found in federal law "protect[ing] the same interests that the New York Legislature sought to protect when it enacted Penal Law § 190.80" (id. at 400).
Where a Penal Law provision uses a term without providing a definition, and the term has no "cut-and-dried meaning," courts should seek to "interpret and apply the statute . . . in a manner that comports with its purpose" (People v McNamara, 78 NY2d 626, 633 [1991]). The legislative history and purpose of Penal Law § 190.80 are discussed in detail in People v Roberts (31 NY3d 406 [2018]) as well as in the trial court's opinion (41 Misc 3d at 397-399). In particular, "the law was drafted to ensure maximum deterrence and the prosecution of unauthorized conduct as defined in the statute" (Roberts, 31 NY3d at 416).
We reject the definition of financial loss advanced by defendant, that is, an actual, unreimbursed out-of-pocket loss incurred by the victim, in addition to valuation of the victim's time spent seeking restitution for the loss. That reading of the statute would result in no criminal liability in the event the perpetrator, or a collateral source such as a bank or insurance company, made the victim whole. Aside from the fact that a reimbursed loss is at least a temporary loss, it is inconceivable, given the stated goal of deterring financial crimes, that the legislature intended to create a unique offense where criminal liability is extinguished by reimbursement or restitution. Furthermore, the statute explicitly states that the perpetrator must cause financial loss to the victim or "to another person or persons" (Penal Law § 190.80[2]). Since Section 10.00(7) of the Penal Law includes corporations in its definition of "persons," it is clear that the legislature intended to include companies such as banks as additional victims. We note that in the present case, the indictment encompassed financial loss to unidentified other persons, and the trial [*2]evidence established that the victims were reimbursed by their banks.
We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK